United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Laura G.,[1]<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | Civil Action H-25-2125 |
| Frank J. Bisignano,[2]<br>Commissioner of the Social<br>Security Administration,<br>*Defendant*. | §<br>§<br>§<br>§<br>§ | |

**MEMORANDUM AND ORDER**

Laura G. appeals the Social Security Administration Commissioner's final decision denying her application for Social Security benefits. ECF No. 1. Pending before the court are Plaintiff's Motion for Summary Judgment, ECF No. 10; and the Commissioner's Response and Cross Motion for Summary Judgment, ECF No. 16. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF Nos. 5, 6. Plaintiff's Motion for Summary Judgment is **DENIED**. The Commissioner's Motion for Summary Judgment is **GRANTED**. The Commissioner's final decision is **AFFIRMED**.

***1. Procedural Posture***

On November 16, 2022, Laura filed an application for disability insurance benefits, under Title II of the Social Security

---

[1] In light of guidance received from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which states that there are significant privacy concerns in social security cases, the court refers to the Plaintiff only by their first name and last initial.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Frank J. Bisignano is substituted as the defendant in this suit.

Act. Tr. 181. Laura alleged that her disability began on October 24, 2022, due to low vision, thyroid disease, bronchitis, arthritis, colitis, and pulmonary issues. Tr. 181.

The SSA denied Laura's application at the initial level on December 18, 2023, and upon reconsideration on May 20, 2024. Tr. 198–201, 203–05. Administrative Law Judge (ALJ) Solomon Boyle held a hearing on November 19, 2024. Tr. 168–79. Laura's counsel was present at the hearing. Tr. 168. Laura testified about her work history and medical conditions. Tr. 172–76.

As to her work history, Laura testified that she previously held a receptionist behavior intervention role. Tr. 172.

The Vocational Expert (VE) classified Laura's past work as a teacher aide II, which Laura performed at the light exertional level. Tr. 177. A teacher aide II is considered a semi-skilled position with a specific vocational preparation (SVP) of three. Tr. 177.

As to her physical medical conditions, Laura testified that she had experienced gastrointestinal issues for a long time. Tr. 172. She explained that her gastrointestinal issues caused her to wear a protective undergarment, to need to be close to the restroom at all times, to go to the bathroom more than five times a day, and to have accidents three to five times a day. Tr. 172–73. She also testified that she had experienced back pain, due to scoliosis, which limited her to sitting for no longer than thirty minutes, standing for no longer than ten minutes, and walking no further than twenty feet without a break. Tr. 173. She testified that she lost grip in her right hand and that her doctors were looking into performing surgery for ablation, which had yet to be scheduled due to her esophagus and stomach procedures. Tr. 174.

As to her mental medical conditions, Laura testified that she had struggled handling stressful situations in her previous job, which made her freeze and experience crying spells. Tr. 176. She

also testified that she had difficulty dressing, but that she had no difficulty bathing. *Id.*

Laura testified that on a regular day, she would drive six minutes to her mother's house to assist with her sister, who has cerebral palsy, for five hours. Tr. 174. She explained that she monitored her sister, specifically her breathing, and changed her diaper. Tr. 174. She also explained that after assisting with her sister, she would return home, take her medications, go to the restroom as needed, and relax. Tr. 174–75. She testified that she did not perform household chores, grocery shop, or prepare meals. Tr. Tr. 175. She also testified that she had no hobbies. Tr. 175.

After Laura's testimony, the ALJ posed a series of hypothetical questions to the VE. 177–78. He asked the VE first to assume a person of the same age, education, and past work experience as Laura; the person is limited to work at the light exertional level, except frequent fingering with the right nondominant upper extremity; the person can only occasionally be exposed to dust, fumes, gases, chemicals, noxious odors, or poor ventilation; and the person can understand, remember, and carry out detailed, noncomplex tasks involving detailed, noncomplex instructions. Tr. 177.

According to the VE, such a person could perform Laura's past work. Tr. 177. Additionally, the VE stated that such a person could obtain work available in the national economy as an office helper, sales attendant, and an information clerk. Tr. 177–78. Each of those jobs is a light exertion job requiring SVP level two, unskilled work. *Id.*

The ALJ then asked the VE whether a hypothetical claimant could perform work in the national economy with the following additional, separate impairments: the person required breaks for thirty minutes; the person would be absent from work at least two to three days per month; and the person would be off task at least

fifteen percent or more of the workday. Tr. 178. According to the VE, a person with any of the three additional limitations could not perform work in the national economy on a full-time and sustained basis. *Id.* Laura's lawyer declined any cross-examination. *Id.*

The ALJ issued his decision on December 30, 2024, finding that Laura was not disabled from October 24, 2022 through the date of the decision. Tr. 127–29. Laura requested review of the ALJ's decision, providing over one hundred pages of additional evidence for the Appeals Council to consider. Tr. 11–126. The Appeals Council denied Laura's request on March 13, 2025. Tr. 1. Laura timely filed a complaint and an application to proceed in forma pauperis in federal court on May 7, 2025. *See* ECF No. 1.

***2. Legal Standards***

The Social Security Act provides disability insurance benefits to individuals with physical and mental disabilities who have contributed to the program and provides supplemental income to individuals with physical and mental disabilities who have limited income and resources. *See* 42 U.S.C. §§ 423, 1382. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. *Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020); 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof on the first four steps, and the Commissioner bears the burden on the fifth step. *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). A finding that the claimant is disabled or not disabled at any point in the five-

step review terminates the analysis. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

This court's review of the ALJ's disability determination is "highly deferential." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) (citations omitted). The court "ask[s] only whether substantial evidence supports the decision and whether the correct legal standards were employed." *Id.* "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance.'" *Id.* (quoting *Williams v. Admin. Rev. Bd.*, 376 F.3d 471, 476 (5th Cir. 2004)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The reviewing court must scrutinize the record to determine whether substantial evidence supports the ALJ's decision, but it may not reweigh the evidence or substitute its judgment. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

### ***3. Analysis***

#### ***A. The Appeals Council's refusal to reverse the ALJ's decision does not warrant remand.***

The only argument that Laura raises in her motion for summary judgment is that the Appeals Council erred in denying her request for review. She asserts that the Appeals Council failed to consider the additional evidence that she simultaneously forwarded to the Appeals Council with her Request for Review. ECF No. 10 at 6. The additional evidence included statements from Laura and her mother, social security documents from 1983 and 1995, and Houston Police Department incident reports from 2001.

See Tr. 16–25, 122–25. It also contained medical records pertaining to an emergency room visit, medical treatment notes about Laura's asthma, medical records concerning endoscopies, and mental health treatment notes. Tr. 26–114.

Laura does not complain about the ALJ's analysis; rather, she argues that had the Appeals Council considered the additional evidence, it would have reached a different outcome. *Id.* She further argues that remand is appropriate "[s]ince neither the Appeals Council nor the ALJ have had the opportunity to address" the additional evidence. *Id.* at 10. The court disagrees.

When a claimant requests the Appeals Council to review an ALJ's decision, the Appeals Council "may deny a party's request for review or it may decide to review a case and make a decision." 20 C.F.R. § 404.981 (2016); *Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015). Subject to a showing of good cause, the Appeals Council reviews a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision[] and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.940(a)(5), (b), 416.970(a)(5), (b) (2019). "The regulations do not require the Appeals Council to provide a discussion of the newly submitted evidence or give reasons for denying review." *Sun*, 793 F.3d at 511.

The Appeals Council's denial of a request for review "becomes part of the Commissioner's final decision . . . but the ALJ's decision remains binding." *Sun*, 793 F.3d at 511; 20 C.F.R. § 404.981 (2016). Where the newly submitted evidence is "not so significant as to require remand to the ALJ for additional consideration," the Appeals Council's denial of the claimant's request for review does not constitute reversible error. *See Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016). "[E]ven when new and material evidence submitted to an Appeals Council

is 'significant' and 'casts doubt on the soundness of the ALJ's findings,' the Appeals Council does not err in refusing to review the claimant's case if it can be determined that substantial evidence nevertheless supports the ALJ's denial of benefits." *Hardman v. Colvin*, 820 F.3d 142, 151 (5th Cir. 2016) (citing *Sun*, 793 F.3d at 511–12).

Some of the evidence Laura sent to the Appeals Council was not new. Indeed, some of the documents were explicitly considered by the ALJ in his decision.[3] One document pertains to an upper gastrointestinal endoscopy that she underwent in November 2024, which the ALJ considered in connection with his discussion of Laura's gastrointestinal disorders. *See* Tr. 140 (citing Tr. 4513). Laura provided another document pertaining to a follow-up for a procedure consultation that the ALJ also discussed explicitly in his decision. Tr. 140 (citing Tr. 1151–52). She also sent psychiatric treatment notes and medical opinions that the ALJ explicitly discussed. *Compare* Tr. 69–70 (summarizing Laura's medication management plan), *with* Tr. 142 (discussing that Laura required multiple medication adjustments); Tr. 115 (providing Laura's counselor's medical opinion), *with* Tr. 145 (discussing Laura's counselor's medical opinion); Tr. 116–17 (providing Laura's treating physician's medical opinion), *with* Tr. 144 (discussing Laura's treating physician's medical opinion). Because the ALJ explicitly considered the above evidence, it was not new.

Other records that Laura provided to the Appeals Council were created prior to the hearing. Laura provided a statement from her mother—dated three weeks prior to the hearing—which discussed Laura's birth defects, respiratory health issues, depression, and PTSD. Tr. 20. She provided letters from the SSA

[3] The court notes that Laura concedes that some of the additional evidence was duplicative. ECF No. 10 at 10.

about a change in SSI payments for the 1996 year, Tr. 23–24, and a disability determination from 1983. Tr. 25. She also provided a copy of a Houston Police Department incident report from 2001 concerning an aggravated robbery with a deadly weapon. Tr. 122–25. Each document predated the hearing. Laura presents no information to the court as to why she could not have submitted those documents prior to the hearing. She also does not explain how any of these documents would have changed ALJ's decision.

To the extent that the additional evidence is new and purports to relate to the relevant period, Laura fails to show that such evidence reflects a material change of any kind in her impairments or an impairment not before the ALJ. As such, the new evidence is not material.

Laura submitted several medical documents concerning her asthma: a discharge summary concerning treatment for intermittent asthma with acute exacerbation, Tr. 29–35, 35, a series of medical treatment notes describing Laura's moderate persistent asthma, Tr. 35–58, and a treatment summary for acute asthma exacerbation and an upper respiratory infection. Tr. 68. That evidence revealed that Laura's asthma and related symptoms were improving on her medications. *See* Tr. 26, 36. The ALJ discussed Laura's asthma and bronchitis and found that "her respiratory symptoms waxed and waned depending on her exposure to acute upper respiratory infections, but have overall, remained fairly controlled with treatment." Tr. 139. The ALJ thus determined that Laura "can tolerate only occasional exposure to dusts, fumes, gases, chemicals, noxious odors, or poor ventilation." Tr. 140. The new evidence does not reflect a material change in the severity or seriousness of Laura's respiratory condition that would have changed the Appeals Council's decision.

Laura also provided medical documents concerning her thyroid and gastrointestinal impairments. Those documents

included medical treatment notes that reflect that she was on replacement therapy for her hypothyroidism but do not address the severity or seriousness of that condition. Tr. 38, 44, 50. The ALJ discussed Laura's thyroid disorder symptoms, observing that her condition was mostly stable but acknowledging that she required a medication adjustment in the spring of 2024. Tr. 141. The ALJ thus determined that Laura was "limited to performing work at the light level of exertion." Tr. 141. Laura also provided medical documents that discussed another endoscopy that she underwent after the ALJ's hearing. Tr. 64–67. The findings revealed that Laura had delayed esophageal emptying at the gastroesophageal junction but were otherwise normal; she had no significant abnormalities, and her duodenal bulb, C-loop, and ligament of Treitz position were within normal limits. Tr. 65. The ALJ observed that Laura's gastrointestinal condition had been largely stable and non-problematic during the relevant period, and that Laura's November 2024 endoscopy revealed a "'benign-appearing' esophageal stenosis and a normal stomach and normal duodenum." Tr. 140 (citing Tr. 4153). The ALJ determined that Laura should be limited to the light exertional level, "with environmental limitations that account for her reports of shortness of breath." *Id.* The new evidence does not reflect a material change in Laura's thyroid or gastrointestinal conditions that would have changed the Appeals Council's decision.

The remaining new evidence concerns Laura's mental medical conditions. She provided mental health treatment notes from her counselor and her psychiatric nurse practitioner. Tr. 74–114. The documents reflect that Laura attended counseling for her PTSD, Tr. 74, 79, 102, and that she received psychiatric care for her bipolar II disorder, generalized anxiety disorder, and PTSD. Tr. 84–85, 90–91, 96–97. Laura's counseling treatment notes do not discuss the status of her PTSD. *See* Tr. 74–83, 102–05 36–58.

Her psychiatric care notes document her medication management plan and resources to manage her anxiety and panic attacks. Tr. 84–101. The ALJ acknowledged in his decision that Laura was diagnosed with bipolar disorder, depression, anxiety, and PTSD. Tr. 142. The ALJ also observed that Laura required multiple medication adjustments and therapy for relief, due to exacerbated anxiety. *Id.* (citing Tr. 1007). On the other hand, the ALJ explained that Laura's mental status exams consistently revealed "signs of cooperative behavior, normal speech, good judgment and insight, intact memory, and intact cognition." *Id.* (citing Tr. 716, 733, 946, 982, 987, 994–95, 998–99, 1003, 1008, 1019, 1125, 1152, 4417). The ALJ thus found that Laura "is limited but capable of understanding, remembering, and carrying out detailed, non-complex tasks involving detailed, non-complex instructions." *Id.* Therefore, the new evidence pertaining to Laura's mental medical conditions does not reflect a material change in her mental impairments that would have changed the Appeals Council's decision.

Laura's additional evidence was either (1) not new or (2) not material. The Appeals Council thus did not err in denying Laura's request for review. Even if the Appeals Council had erred, such error would have been harmless. Laura does not argue that the ALJ's decision is not supported by substantial evidence. The court concludes that the ALJ's decision is in accord with the law and is supported by substantial evidence.

Laura cites *Pupo v. Commissioner, Social Security Administration*, 17 F.4th 1054 (11th Cir. 2021), to support her proposition that remand is necessary because "neither the Appeals Council nor the ALJ have had an opportunity to address [the] new and material records." ECF No. 10 at 10. This case does not change the court's analysis.

Laura's reliance on *Pupo* is misplaced. In *Pupo*, the Eleventh Circuit remanded a case because the Appeals Council failed to consider new evidence that revealed the claimant's impairment was severe and serious. 17 F.4th at 1036–34. The court opined that new evidence pertaining to a surgery that the claimant received nine days before the ALJ's decision was material because it made the ALJ's findings at Step Four appear inaccurate. *Id.* That is, the evidence of the claimant's surgery for her stress incontinence impairment rebutted the ALJ's findings that the claimant was never hospitalized for her physical impairments and that the claimant's doctors' treatment notes were consistently unremarkable. *Id.* at 1063.

The new evidence in this case is unlike the new evidence in *Pupo*. Laura does not point to evidence demonstrating a comparable material change in her impairments. As discussed above, the medical evidence she provided to the Appeals Council concerns the same impairments that were before the ALJ, and none of that evidence reveals a material change in the severity or seriousness of her impairments that would render the ALJ's findings inaccurate.

The Appeals Council did not err in denying Laura's request to review the ALJ's decision.

***4. Conclusion***

The ALJ's decision denying social security benefits is consistent with the law and supported by substantial evidence. There is no genuine issue of material fact, and summary judgment is appropriate. Fed. R. Civ. P. 56(a), (c).

Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 10, is **DENIED**. The Commissioner's Motion for Summary Judgment, ECF No. 16, is **GRANTED**, and the Commissioner's final decision is **AFFIRMED**.

A separate final judgment will be entered.

Signed at Houston, Texas, on September 11, 2026.

Peter Bray
United States Magistrate Judge